O'CALLAHAN (UNITED STATES v.). See
Case No. 15,910.

## Case No. 10,401.

### The OCEAN.

[1 Spr. 535; [1] 18 Hunt. Mer. Mag. 295.]

District Court, D. Massachusetts. Feb., 1848.

SHIPPING—BILL OF SALE—DEFEASIBLE UPON CER-
TAIN CONDITIONS—RIGHTS OF THIRD PERSONS—
JOINT OWNERS—THEIR RESPECTIVE RIGHTS.

1. Where there is a bill of sale of a vessel, ab-
solute on its face, but by a collateral agreement
between the parties, defeasible upon certain con-
ditions, third persons cannot avail themselves
of such conditions to defeat the title of the
grantee.

2. Where two persons were joint and equal
owners of a vessel, and one of them. while in
possession as ship's husband, improperly left her
in an unsafe condition, with no person on
board, and the other half owner took possession,
the court refused to interfere with such posses-
sion.

This was a libel in a cause of possession.
The libellant [J. N. Harding] was owner of
one-half of the schooner Ocean, the other
half belonging to one Eaton, of New York,
who gave a bill of sale of his half to the
claimant, as collateral security for a debt.
The libellant, as managing owner, and ship's
husband, sent the vessel upon a voyage, and
after her return, had made some prepara-
tions for sending her upon another, but had,
for several days, left her in an unsafe con-
dition, not properly fastened, nor locked up
and with no one on board. While in this
condition, the claimant [C. A. Replier] took
possession of her, and refused to give her
up to the libellant, claiming at the time (un-
der a mistake of title), the entire ownership.
After this suit was brought, he abandoned
the claim for the whole vessel, and relied
on his title under Eaton, to one-half, and
claimed the right to possession. The libel-
lant contended that the claimant's title un-
der Eaton, was void, he not having fulfilled
the terms of his collateral agreement; and
that if the claimant's title was good, the
right to possession was in the libellant, who
had never abandoned the general possession
and oversight of the vessel, and had equi-
table claims upon her for advances, and by
reason of contracts for a new voyage.

R. H. Dana, Jr., for libellant.

C. L. Hancock, for claimant.

SPRAGUE, District Judge. The bill of
sale from Eaton to the claimant, is absolute
on its face, conveying all right of property
which Eaton had. This is valid as against
third persons. Eaton alone could take ad-
vantage of a forfeiture growing out of any
collateral agreement, and it is not competent
for the libellant to dispute the claimant's
title. Considering. therefore, the claimant
as rightfully holding the part that originally
belonged to Eaton. it becomes a simple ques-

---

[1] [Reported by F. E. Parker. Esq.. assisted by
Charles Francis Adams, Jr., Esq., and here re-
printed by permission.]

tion of possession between half owners. From the evidence, the court is satisfied that the libellant so negligently kept the vessel, that the claimant was warranted in taking possession of her. The next question is, was he bound to restore her to the libellant upon request? It has not been shown that the libellant has claims on the vessel for advances, or by reason of any contract for a new voyage, which establish an equity in his favor. I must leave the possession where I found it, that is, with the claimant.

As the libellant has suggested that this suit would not have been brought, but for the claimant's assertion of title to the whole vessel, there should be no costs prior to the amendment of the claim.

Decree that the libel be dismissed, with costs to the claimant after the filing of his answer.